

**FILED**
August 30, 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P.,<br><br>               Debtor. | Case No. 09-29162-D-11 |
| BANK OF MONTREAL, as Administrative Agent,<br><br>               Plaintiff,<br><br>v.<br><br>CSSS, LP, a California limited partnership,<br><br>               Defendant. | Adv. Pro. No. 09-2543-D<br>Docket Control No. MSS-2 |
| BRADLEY SHARP, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>SSC FARMS I, LLC, et al.,<br><br>               Defendants. | Adv. Pro. No. 09-2692-D<br>Docket Control No. MSS-2 |
| BRADLEY SHARP, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>SCOTT SALYER, as trustee of the Scott Salyer Revocable Trust, et al.<br><br>               Defendants. | Adv. Pro. No. 10-2014-D<br>Docket Control No. MSS-2 |

```
 1  BANK OF MONTREAL, as              )   Adv. Pro. No. 10-2015-D
    Administrative Agent,             )   Docket Control No. MSS-2
 2                                    )
                    Plaintiff,        )
 3                                    )
    v.                                )
 4                                    )
    SCOTT SALYER, et al.,             )
 5                                    )
                    Defendants.       )
 6  _____    )
                                      )
 7  BRADLEY SHARP, et al.,            )   Adv. Pro. No. 10-2016-D
                                      )   Docket Control No. MSS-2
 8                  Plaintiffs,       )
    v.                                )
 9                                    )
    SKF AVIATION, LLC, et al.,        )
10                                    )
                    Defendants.       )
11  _____    )
    BRADLEY SHARP, et al.,            )   Adv. Pro. No. 10-2017-D
12                                    )   Docket Control No. MSS-2
                    Plaintiffs,       )
13  v.                                )
                                      )
14  FRED SALYER IRREVOCABLE TRUST,    )
    et al.,                           )
15                                    )
                    Defendants.       )
16  _____    )
                                      )
17                                    )
    BANK OF MONTREAL, as              )   Adv. Pro. No. 10-2117-D
18  Administrative Agent,             )   Docket Control No. RSJ-1
                                      )
19                  Plaintiff,        )
                                      )
20  v.                                )
                                      )
21  INTERNAL REVENUE SERVICE, et      )
    al.,                              )
22                                    )
                    Defendants.       )
23  _____    )
                                      )
24  BANK OF MONTREAL, as              )   Adv. Pro. No. 11-2339-D
    Administrative Agent,             )   Docket Control Nos. MSS-1 &
25                                    )                        RSJ-1
                    Plaintiff,        )
26                                    )
    v.                                )
27                                    )
    CALIFORNIA FRANCHISE TAX BOARD,   )
28  et al.,                           )
                                      )
                    Defendant.        )
    _____    )
```

| | |
|---|---|
| BANK OF MONTREAL, as Administrative Agent,<br><br>        Plaintiff,<br><br>v.<br><br>CARY SCOTT COLLINS, et al.,<br><br>        Defendants. | Adv. Pro. No. 11-2340-D<br>Docket Control Nos. NMM-1 & RSJ-1 |

### CERTIFICATION TO THE UNITED STATES <u>COURT OF APPEALS FOR THE NINTH CIRCUIT</u>

Pursuant to 28 U.S.C. § 158(d)(2)(A) and Fed. R. Bankr. P. 8001(f)(2),[1] the court hereby certifies that an immediate appeal from the court's Order filed June 28, 2011 (the "Stay Order") may materially advance the progress of the adversary proceedings in which the appeal is taken, as well as the underlying bankruptcy case. For this reason, the court certifies the Stay Order to the United States Court of Appeal for the Ninth Circuit.

**APPLICABLE LAW**

Rule 8001(f)(2) provides that

> [a] certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

As of the time of issuance of this certification, the clerk of the bankruptcy court has not sent to the district court a certificate that the record is complete for purposes of appeal, as provided in Rule 8007(b), nor, to the extent the Stay Order is

---

[1] Unless otherwise indicated, all Code, chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

interlocutory, has the district court issued a grant of leave to appeal. Thus, the court concludes that the "matter is pending" in this court, and thus, this court may make a § 158(d)(2)(A) certification.

## BASIS FOR THE CERTIFICATION

The Bank of Montreal and chapter 11 trustee Bradley D. Sharp have filed a joint petition for certification of the Stay Order on several grounds. Scott Salyer and related entities (collectively, the "Salyer Entities") oppose the request, and Stefanie A. Salyer, Caroline G. Salyer, and their respective trusts, have joined in the opposition.

The history of the Stay Order supports the conclusion that an immediate appeal to the Court of Appeal is likely to materially advance the progress of the adversary proceedings and the bankruptcy case, and thus, certification is appropriate pursuant to 28 U.S.C. § 158(d)(2)(A)(iii). In April 2010, the Salyer Entities filed their first motion for a stay of the adversary proceedings in which this certification is filed. This court denied the motion on June 1, 2010. On appeal, on April 14, 2011, the district court reversed and remanded to this court to reconsider its order denying the stay. The Salyer Entities then filed a second motion for a stay, and in light of the standards set forth by the district court in its remand order, this court granted the motion and imposed a stay of the adversary proceedings. Given the considerations relied on by the district court in the remand order, it is likely the stay of the adversary proceedings will remain in place until the pending criminal

/ / /

proceedings against Scott Salyer have been concluded, a matter of months and probably years.

In the meantime, the progress of the adversary proceedings and the trustee's administration of the underlying bankruptcy case are both significantly impeded by the Stay Order. In light of the district court's remand orders, this court has stayed the adversary proceedings virtually in their entirety, including all discovery that might otherwise be sought from Scott Salyer, the Salyer Entities, and even third parties. The claims advanced by the trustee in the adversary proceedings represent significant potential assets of the bankruptcy estate, and until the adversary proceedings are resolved, the progress of the bankruptcy case toward a conclusion is at a virtual standstill.

Further, as BMO and the trustee point out, further delay poses the risk that evidence and witnesses will become unavailable, and there is a significant risk that assets that might be available for liquidation and distribution to creditors in the bankruptcy case may be dissipated.

In light of these circumstances, the court concludes that certification of the Stay Order to the Court of Appeal is likely to materially advance the progress of both the adversary proceedings and the bankruptcy case. On this basis, the court certifies the Stay Order to the United States Court of Appeal for the Ninth Circuit.

Dated: August 30, 2011    _/s/ Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge

Case 2:11-cv-01855-LKK   Document 6   Filed 08/30/11   Page 6 of 6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

Todd J. Dressel
Chapman and Cutler LLP
595 Market Street 26th Fl
San Francisco CA 94105

James E. Spitto
Ann E. Acker
Chapman and Cutler LLP
111 W Monroe St
Chicago IL 60603

Gregory C. Nuti
Kevin W. Coleman
Schnader Harrison Segal
and Lewis LLP
One Montgomery St #2200
San Francisco CA 94104

Kelly Woodruff
Farella Braun and Martel LLP
235 Montgomery St 17th Fl
San Francisco CA 94104

Richard S.E. Johns
Law Offices of Richard S.E. Johns
57 Post St #604
San Francisco CA 94104

Office of the U.S. Trustee
501 I St #7-500
Sacramento CA 95814

DATED: 8/30/11          By: _____
                               Deputy Clerk

EDC 3-070 (Rev. 6/28/10)